PER CURIAM.
In this workers’ compensation case, the Special Disability Trust Fund appeals an order directing that it reimburse the employer pursuant to section 440.49, Florida Statutes (1993), for excess compensation benefits paid to the employee. We reverse for lack of competent, substantial evidence supporting the judge’s finding that the employer has paid any permanent indemnity benefits.
In May 1988, Buford Cook, the Claimant, injured his right shoulder and upper thorax in a motor vehicle accident in the scope of his employment with Comcar Industries. At the time of his injury, Claimant suffered from preexisting degenerative arthritis in his neck, and sclerosis consistent with degeneration of the rotator cuff. Dr. Smith, an orthopedic surgeon and Claimant’s primary treating physician, performed surgical procedures to repair Claimant’s rotator cuff on July 7,1988, on November 1, 1988, and on November 28, 1989. Claimant reached maximum medical improvement on April 30, 1990, with a 20% permanent impairment rating.
On May 13, 1991, Claimant, his employer, and Commercial Carrier Corporation, which insured the employer through its self-insurer program, entered into a settlement agreement and petitioned for judicial approval of a lump-sum settlement. Paragraph 9 of the agreement provided:
The parties agree and stipulate that the employer/self-insured shall be completely discharged from any further liability to the claimant for past and future compensation benefits of any nature, past or future rehabilitation benefits, and for past medical benefits in exchange for a payment of a lump sum by the claimant to the employer/self-insured of $12,000.00. In exchange, the employer/self-insured expressly waives the right to a lien pursuant to § 440.39. The claimant’s injuries in the instant industrial accident were caused by the negligent acts of a third party. In exchange for this settlement, the employer/self-insured expressly waives the right to a lien upon any proceeds from the third party action.
In support of the petition, Claimant stated by affidavit that he would “settle this petition for a payment of a lump sum to the employer/self-insured of $12,000, plus the waiver of [his] right to any future indemnity benefits as a result of this industrial accident.” Before the settlement, Commercial Carrier had paid temporary total disability and medical benefits in the amount of $61,475. On June 4, 1991, without notice to the Fund, the judge approved the settlement stipulation and discharged the employer and carrier from future payments of compensation.
On August 13, 1991, Commercial Carrier filed a claim for reimbursement from the Fund pursuant to section 440.49, Florida Statutes (1989). The Fund denied the claim and the matter was heard on this issue. The resulting order found that Commercial Carrier had established entitlement to reimbursement and directed the Fund to make reimbursement according to the statutory schedule.
On appeal, the Fund challenges the sufficiency of the record to support the order directing reimbursement on the ground that Commercial Carrier failed to establish the predicate statutory requirements, arguing that (1) Claimant suffered a preexisting, permanent physical impairment, “not due to the natural aging process,” § 440.49(2)(b)1., Florida Statutes (1993); and (2) no permanent indemnity benefits had been paid to Claimant.
Our review of the record confirms that the ruling on the first issue is adequately supported by competent, substantial evidence', and we affirm as to that issue without further discussion.
As to the second issue, however, no record evidence exists to support a finding that any payment Commercial Carrier made to Claimant constituted permanent indemnity benefits. The evidence established that Commercial Carrier had paid approximately $60,000 for temporary disability and medical benefits prior to the settlement, and Claimant agreed *1021 to pay $12,000 to Commercial Carrier for waiver of its right to a lien on the proceeds Claimant received in a third-party action. The judge classified part of the approximate $48,000 difference as permanent wage loss benefits for purposes of reimbursement from the Fund on the authority of Spotmaster Cleaners v. Special Disability Trust Fund, 580 So.2d 263 (Fla. 1st DCA 1991). The judge determined that Commercial Carrier had “effectively” paid permanent compensation benefits by waiving its right to any more proceeds from the third-party action, while continuing to pay 100 percent of the Claimant’s future medical bills. The decision in Spotmaster Cleaners does not support this reclassification of benefits in this case.
In Spotmaster, the employer and carrier initially controverted, but ultimately washed out the claim by paying a lump sum of $144,-000, and then sought reimbursement from the Fund on the ground that a portion of the settlement constituted payment of excess permanent disability payments. The evidence established that $120,000 represented compensation benefits, of which $46,662 was for 175 weeks of compensation. Notwithstanding this evidence, the judge ruled that the employer and carrier had failed to establish payment of excess compensation, a necessary predicate for reimbursement from the Fund. We reversed, holding that the unre-futed evidence established that $120,000 of the settlement represented compensation benefits, that $46,662 of that amount represented 175 weeks of permanent disability compensation, and the difference represented excess compensation. Further, since the evidence reflected maximum potential losses within categories of benefits, we reasoned that the judge could have determined the value of excess compensation by allocating the settlement based on a ratio of maximum potential losses. We did not, therefore, allow the judge to reclassify benefits; rather, we suggested alternate methods of calculating compensation reflected by the settlement based upon the evidence presented.
In contrast, in this case, there is no evidence establishing payment of permanent indemnity benefits. Commercial Carrier had only paid temporary total and medical benefits, as the judge found. Moreover, unlike the facts in Spotmaster, there is no showing here that a portion of the settlement constitutes permanent disability compensation. Rather, the settlement agreement specifies that the employer and Commercial Carrier are discharged from “any further liability to the Claimant for past and future compensation benefits of any nature.” Claimant’s supporting affidavit expressly waives the right to future indemnity benefits. Hence, the record refutes rather than supports any payment of permanent benefits that would give rise to a right to reimbursement by the Fund. See General Tire Service v. Special Disability Trust Fund, 569 So.2d 481, 488 (Fla. 1st DCA 1990).
The order is reversed and this cause is remanded with directions to dismiss the claim for reimbursement against the Fund.
REVERSED and REMANDED.
BARFIELD, C.J., and ERVIN and KAHN, JJ., concur.